AO 440 (Rev. 12/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Northern District of New York

TIFFANY M. HOWARD, Individually and as the mother and natural guardian of A. M., an infant under the age of 18 yrs *Plaintiff*

v.

TOWN OF DEWITT, TOWN OF DEWITT POLICE DEPARTMENT, Officer Christoher Fuller, individually and in his official capacity, Officer Edward Mason, individually and in his official capacity, Officer Thomas Norton individually and in his official capacity, and Sgt. Keith Bury, individually and in his official capacity

Civil Action No. 5:12-cv-00870-TJM-TWD

**SUMMONS IN A CIVIL ACTION**

To: *(Defendant's name and address)*

TOWN OF DEWITT, 5400 Butternut Drive, East Syracuse, NY 13057
TOWN OF DEWITT POLICE DEPT., 5400 Butternut Dr, E. Syracuse, NY
Officer Christopher Fuller, c/o Town of Dewitt Police Dept., 5400 Butternut Dr., E. Syracuse, NY 13057; Officer Edward Mason, c/o Town of Dewitt Police 5400 Butternut Dr., E. Syracuse, NY, Officer Thomas Norton, c/o Town of Dewitt Police, 5400 Butternut Dr., E. Syracuse, NY; Sgt. Keith Bury, c/o Town of Dewitt Police, 5400 Butternut Dr., E. Syracuse, NY

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____

_____
*Signature of Clerk or Deputy Clerk*

UNITED STATES DISTRICT COURT    NORTHERN DISTRICT OF NEW YORK

TIFFANY M. HOWARD, Individually and as the
mother and natural guardian of A.M., an infant
under the age of 18 years,

                                        Plaintiffs

      against                    **FIRST AMENDED COMPLAINT**
                                      Case No.: 5:12-cv-0870(TJM/TWD)

TOWN OF DEWITT,
TOWN OF DEWITT POLICE DEPARTMENT,
Officer Christopher. Fuller, individually and in his official capacity,
Officer Edward Mason, individually and in his official capacity,
Officer Thomas Norton, individually and in his official capacity, and
Sergeant Keith Bury, individually and in his official capacity.
                                        Defendants

Plaintiffs through their attorneys, HOFFMANN, HUBERT & HOFFMANN, LLP, complaining of the Defendants, alleges and shows to the Court as follows:

**STATEMENT OF FACTS:**

That on April 9, 2011 at about 12:15 a.m.. several police officers employed by the Town of DeWitt Police Department arrived at Plaintiffs' apartment and started pounding on my door, demanding immediate entry. Plaintiffs were in their apartment with Plaintiff Tiffany M. Howard's 63-year-old mother, Linda Howard.

From inside the apartment and without opening the door, which was locked at the time, Plaintiff, Tiffany M. Howard, asked who they were and what their business

was. One of these police officers, through the closed door, advised Plaintiff Howard that he and the people with him were from the Town of DeWitt Police Department and they needed to check on the safety and health of infant Plaintiff A.M. Plaintiff Howard responded to this unidentified police officer through the closed door that her daughter was fine and she was asleep. Plaintiff Howard then asked this unidentified officer if someone had called 911 or had someone gotten in touch with the Police Department that had concerns about her daughter's safety. The only response Plaintiff Howard received from this unidentified officer was that they could not give Plaintiff any more information and demanded that Plaintiff Howard open the door. Plaintiff Howard responded by stating that she needed to know if there was a search warrant or an arrest warrant. The unidentified police officer stated that he did not need to address that question, he only needed to see her daughter. Plaintiff Howard responded that without an arrest warrant or a search warrant or without more specific information as to why they were at her door, she was not going to open the door.

    The police response was simply to pound harder on the door and Plaintiff Howard heard a threat from one of these police officers that the police were going to kick the door down if she did not open the door. Plaintiff Howard responded by stating that they would be responsible for damages to the landlord should they choose to kick the door down, because she was not going to open the door. The unruly police behavior continued for 15 minutes or so where these police officers pounded on the door harder and louder. Plaintiff was further advised during this time by an unidentified police officer that they were not going to stop until she opened the door. Plaintiff Howard repeated that she was not going to open the door unless they had the proper

paperwork which authorized their entry without her permission and consent.

After about 20 minutes of pounding on her door, the pounding ceased and there was complete silence for approximately five minutes.

During this period of silence Plaintiff went into her daughter's bedroom to comfort her. Shortly after Plaintiff entered her daughter's bedroom, she saw a bright light reflecting into the livingroom and she heard one of the police officers say that they were in her apartment and she needed to come out from where she was. Plaintiff came out of her daughter's bedroom to find four DeWitt Police Officers in her kitchen and diningroom area. Plaintiff Howard was immediately seized and placed in handcuffs. She was taken away and held in custody for about 1 ½ hours. While Plaintiff Howard was in custody, her daughter, the infant Plaintiff was taken away by the police. The infant Plaintiff was completely traumatized by this episode as she was screaming, crying and yelling as she saw her mother being taken into custody.

That on April 9, 2011, Plaintiff Howard was falsely charged with Obstructing Governmental Administration, 2nd degree, a Class A Misdemeanor in connection with this incident.

The criminal charge was formally dismissed on the merits by Order of DeWitt Town Justice, Hon. David Gideon, dated August 29, 2011.

**PARTIES**

The Plaintiff is a resident of the County of Onondaga and State of New York.

Defendant, Town of DeWitt, is a duly constituted political subdivision of the State of New York and owns and controls its own police department, Town of DeWitt Police Department..

Upon information and belief, Defendant, Town of DeWitt Police Department, is an agency of Defendant, Town of DeWitt.

Upon information and belief, Defendant, Christopher Fuller, is a resident of the County of Onondaga and State of New York, and employed as a police officer with the Defendant Town of DeWitt Police Department.

Upon information and belief, Defendant, Edward Mason, is a resident of the County of Onondaga and State of New York, and employed as a police officer with the Defendant Town of DeWitt Police Department.

Upon information and belief, Defendant, Thomas Norton, is a resident of the County of Onondaga and State of New York, and employed as a police officer with the Defendant Town of DeWitt Police Department.

Upon information and belief, Defendant, Keith Bury, is a resident of the County of Onondaga and State of New York, and employed as a Sergeant with the Defendant Town of DeWitt Police Department.

**AS AND FOR A FIRST CAUSE OF ACTION ON
BEHALF OF PLAINTIFF TIFFANY M. HOWARD AGAINST
DEFENDANT TOWN OF DeWITT, TOWN OF DeWITT
POLICE DEPARTMENT and TOWN OF DeWitt POLICE OFFICER
CHRISTOPHER FULLER, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY,
PLAINTIFF HOWARD ALLEGES AND SHOWS TO THE COURT AS FOLLOWS:**

1. Plaintiff Howard realleges and reaffirms each and every allegation set forth in the Statement of Facts.

2. That at all times and places set forth in said Statement of Facts, the Defendant, C. Fuller, was acting in his official capacity as a police officer in the employ

-4-

of the Defendant, Town of DeWitt and Town of DeWitt Police Department. That the Defendant was acting within the scope and course of his employment when said Defendant initiated criminal proceedings against Plaintiff Howard in the Town of DeWitt Justice Court on the 9th day of April 2011.

3. Said criminal proceedings were instituted without probable cause and with malicious intent.

4. Said criminal proceeding was dismissed on the merits by Order of DeWitt Town Justice, Hon. David Gideon, dated August 29, 2011.

5. That Plaintiff Howard duly filed a Notice of Claim on or about the 9th day of September 2011.

6. That Plaintiff Howard has commenced this suit within one year and 90 days of the dismissal of the criminal charges on the merits.

7. That as a result of Defendants' tortious conduct, Plaintiff Howard has been damaged both economically and non economically. Economically, Plaintiff Howard has been required to expend substantial sums of money for attorney's fees to defend the charges against her in the Town of DeWitt Justice Court. Additionally, Plaintiff was required to expend the sum of $586.00 in additional tuition to repeat a class at Columbia College due to stress and anxiety. Moreover, Plaintiff suffered adverse employment consequences and lost employment opportunities.

8. Plaintiff Howard has suffered from mental pain and anguish, embarrassment, humiliation and has been the subject of scorn and ridicule in her place of employment as well as in the community.

9. Defendant Town of DeWitt is vicariously liable as a result of the actions of the individual Defendant, C. Fuller.

10. Plaintiff Howard claims damages in an amount according to the proof.

11. Plaintiff Howard is entitled to exemplary or punitive damages against Defendant, C. Fuller because said Defendant acted wilfully, wantonly, recklessly and with malicious intent when said Defendant initiated criminal charges against Plaintiff.

12. The United States District Court for the Northern District of New York has pendent jurisdiction over Plaintiffs' State claims.

### AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF EACH PLAINTIFF AGAINST THE INDIVIDUAL DEFENDANTS NAMED HEREIN, PLAINTIFFS ALLEGE AS FOLLOWS

13. In this action Plaintiffs seek monetary and declaratory relief for violations of their rights guaranteed under Article 1 of the Constitution of the State of New York from unreasonable search and seizure of Plaintiffs' person and property.

14. That as residents and citizens of the State of New York, the Plaintiffs are entitled to the protections found in Article I of the New York State Constitution. That on April 9, 2011, the individual Defendants unlawfully entered Plaintiffs' residence in violation of the rights guaranteed to the Plaintiffs under our State Constitution.

15. That after entering Plaintiffs' residence on said date, the individual Defendants conducted an illegal and unauthorized search of Plaintiffs' residence, and unlawfully seized the persons of the Plaintiffs and unlawfully and illegally took the Plaintiffs away from their home in the middle of the night.

16. At all times during said unlawful search and seizures, the individual Defendants were acting in their official capacities and under color of law.

17. The individual Defendants' actions were not taken in good faith and thus the individual Defendants are not entitled to qualified immunity.

18. As a result of Defendants' violations of Plaintiffs' State Constitutional Rights, the Plaintiffs have been damaged both economically and non economically. Plaintiff Howard has been damaged economically in that she was required to expend substantial sums of money to defend against criminal charges lodged against this Plaintiff emanating from Defendants' unconstitutional search and seizure of said Plaintiffs' persons on April 9, 2011.   Also, Plaintiff Howard was required to expend the sum of $586.00 for additional tuition at Columbia College because was so stressed and depressed that she could complete the course work in which she was engaged at the time of her arrest; Plaintiff was required to repeat the class.  Plaintiff Howard also suffered adverse employment consequences and lost employment opportunities and was defamed by Defendants as a result of adverse newspaper publicity announcing Plaintiff's arrest and prosecution.

19.  Both Plaintiffs suffered non economic damages in the form of conscious pain and suffering, including but not limited to fright, stress, anxiety, depression, humiliation, as well as mental pain and anguish generally.

20. Because the Defendants' conduct was wilful and reckless, the Plaintiffs are entitled to exemplary or punitive damages against the individual Defendants.

21.  Plaintiffs further claim that they are entitled to attorney's fees pursuant to 42 U. S. C. 1988.

## AS AND FOR A THIRD CAUSE OF ACTION AGAINST HE DEFENDANT CHRISTOPHER FULLER, PLAINTIFF HOWARD ALLEGES AS FOLLOWS:

22. Plaintiff Howard hereby incorporates by reference each and every allegation contained in paragraphs numbered "1 through 21".

23. At the time that the Defendant Christopher Fuller falsely and maliciously arrested the Plaintiff, Tiffany Howard, said Defendant, through his prior experience with the Town of Dewitt Police Department, knew or had good reason to know that these false and malicious charges against the Plaintiff would likely be published in a local paper of wide-spread circulation.

24. That in fact The Post Standard newspaper and Syracuse.com published a statement that the Plaintiff, Tiffany Howard, was charged with Obstructing Governmental Administration, 2nd Degree. A true copy of said articles are attached hereto and made a part of this Complaint.

25. Prior to and at the time said article was published, the Defendant knew that the charges were false and defamatory.

26. That the actions of the Defendant Fuller were malicious and wilfully designed to harm the Plaintiff's good name and reputation in the community.

27. As a result of the published defamatory material, the Plaintiff Howard suffered further humiliation, embarrassment, anxiety, stress, shame, as well as damage to her good name and reputation.

28. As a result of said libel, Plaintiff Howard has been damaged in an amount to be determined by the Court.

## AS AND FOR A FOURTH CAUSE OF ACTION AGAINST
## THE INDIVIDUAL DEFENDANTS NAMED HEREIN,
## THE PLAINTIFFS ALLEGE AS FOLLOWS:

29. In this action Plaintiffs seek monetary and declaratory relief for violations of their rights guaranteed under the Fourth and Fourteenth Amendments of the United States Constitution from unreasonable search and seizure of Plaintiffs' persons.

30. The Plaintiffs reallege and reaffirm each and every allegation hereinabove set forth in the Statement of Facts and in Plaintiffs' Second Cause of Action.

31. Plaintiffs bring this cause of action pursuant to 42 U. S. Code §1983 and 42 U. S. Code §1988.

32. As a result of the violation of Plaintiffs' Federal Constitutional Rights, the Plaintiffs herein have suffered economic and non economic damages, as set forth above.

33. In addition, Plaintiffs claim they are entitled to exemplary or punitive damages against those individual Defendants who acted wilfully, wantonly and recklessly in wanton disregard of Plaintiffs' Constitutional Rights.

34. Plaintiffs have no adequate remedy at law.

35. Plaintiffs demand a trial by Jury.

**WHEREFORE**, Plaintiffs demand judgment against the Defendants as follows:

1. Judgment on behalf of Plaintiff, Tiffany M. Howard, against Defendants Town of DeWitt, Town of DeWitt Police Department and Defendant Christopher Fuller in his official and individual capacity, for malicious prosecution and compensatory damages in an amount to be determined by the Jury;

2. Exemplary or punitive damages in favor of Plaintiff, Tiffany M. Howard, against the individual Defendant, Christopher Fuller, on account of his willful, wanton and reckless conduct in the course of his malicious prosecution of the Plaintiff, Tiffany M. Howard in an amount to be determined by the Jury;

3. Compensatory damages in favor of Plaintiff, Tiffany M. Howard, against individual Defendant Christopher Fuller for defamation in the form of libel in amount to be determined by the Jury;

4. Exemplary or punitive damages in favor of Plaintiff, Tiffany M. Howard, against individual Defendant Christopher Fuller for defamation in the form of libel in amount to be determined by the Jury;

5. Declaratory judgment that the Plaintiffs' Constitutional Rights under the Fourth and Fourteenth of the U. S. Constitution and Article One of the New York State Constitution to be free from unlawful search and seizure were violated in an amount to be determined by the Jury;

6. Compensatory damages to be assessed against the Defendants, including the individual Defendants in their official and individual capacities, for the violation of Plaintiffs' State and Federal Constitutional Rights in an amount to be determined by the Court in an amount to be determined by the Jury;

7. Exemplary or punitive damages against the individual Defendants in their official and individual capacities against those individual Defendants who are found to have engaged in conduct which is both wilful and contumacious in the course of committing said Constitutional Violations in an amount to be determined by the Court in an amount to be determined by the Jury;

8. Reasonable attorney's fees to Plaintiffs' counsel for the preparation and prosecution of Plaintiffs' State and Federal Constitutional claims pursuant to 42 U. S. Code §1988, together with the costs and disbursements of this action.

Dated:   January 29, 2013
         Syracuse, New York

Respectfully Submitted,

HOFFMANN, HUBERT & HOFFMANN, LLP

_____
Terrance J. Hoffmann, Esq.,
Attorneys for Plaintiffs
Office and P. O. Address
4629 Onondaga Boulevard
Syracuse, NY 13219

## VERIFICATION

State of New York   )
County of Onondaga) ss.:

**TIFFANY M. HOWARD,** being duly sworn, depose and say that deponent is the Plaintiff in the within action; that deponent has read the foregoing Amended Complaint and knows the contents thereof, that the same is true to deponent's own knowledge, except as to the matters therein stated to be alleged on information and belief, and that as to those matters deponent believes it to be true.

_____
TIFFANY M. HOWARD

Sworn to before me this
29 day of January 2013

_____
Notary Public

TERRANCE J. HOFFMANN
Notary Public, State of New York
Qualified in Onondaga County
No. 02HO5026940
Commission Expires: April 25, 2014

Case 5:12-cv-00870-TJM-TWD   Document 16   Filed 01/31/13   Page 14 of 15

**PAGE 20** Thursday, April 21, 2011 — EAST THE POST-STANDARD / NEIGHBORS

# Jobs

## $$ EARN EXTRA MONEY $$
## DELIVER THE NEW VERIZON TELEPHONE DIRECTORIES

Men and Women 18 years and older with insured vehicles needed to deliver in Syracuse, Cicero, Elbridge, Northern Territories and surrounding areas. Also looking for office clerks and loaders. Delivery starts April 21st. Work a minimum of 4 daylight hours per day and get paid within 48 hours. Upon successful completion of route.

Call 1-800-979-7978
Between 9AM and 5:30 PM Mon-Fri.
Refer to job #30011-A

Distribution of the Verizon yellow pages are conducted on behalf of Supermedia the official publisher of Verizon print directories. Equal Opportunity Employer.

# POLICE BLOTTER

POLICE FROM PAGE 16

## DeWitt Police

**Robbery**
William D. Jackson, 30, of 103 Cleveland Ave., Syracuse, April 7, second-degree; also charged with second-degree assault. Charged at 5400 block of Butternut Drive, DeWitt.

**Robbery**
Sharonda S. Smith, 40, of 155 Wiman Ave., Syracuse, April 9, second-degree; also charged with petit larceny. Charged at State Street, Syracuse.

**Criminal possession of a forged instrument**
David Miller, 38, of 721 N. Salina St., Syracuse, April 7, second-degree. Charged at Butternut Drive, DeWitt.

**Endangering the welfare of a child**
Samuel J. McNaughton, 71, of 306 Hurlburt Road, Syracuse, April 9; also charged with second-degree harassment. Charged at 3600 block of Erie Boulevard, DeWitt.

**Possession of burglar's tools**
Mark A. Stenton, 20, of 7314 Manlius Center Road, East Syracuse, April 9; also charged with third-degree criminal trespass; and unlawful possession of marijuana. Charged at Deerfield Road, East Syracuse.

**Aggravated harassment**
Lorri A. Dagostino, 33, of 2 Gregor Court, Liverpool, April 9, second-degree; also charged with second-degree harassment. Charged at 3700 block of Erie Boulevard, DeWitt.

**Aggravated harassment**
Thomas C. Hartleb, 32, of 109 Alpine Drive, DeWitt, April 8, second-degree; also charged with fourth-degree criminal possession of a weapon; and second-degree menacing. Charged at 3100 block of Erie Boulevard, DeWitt.

**Obstructing governmental administration**
Latoya D. Dyes, 24, of 150 Roesch Ave., Buffalo, April 9, second-degree; also charged with resisting arrest; disorderly conduct; and second-degree harassment. Charged at 6600 block of Old Collamer Road, DeWitt.

**Obstructing governmental administration**
Tiffany M. Howard, 31, of 6 Gregory Parkway, DeWitt, April 9, second-degree. Charged at Gregory Parkway, DeWitt.

**Assault**
Cleveland S. Brantley, 45, of 2907 S. Salina St., Syracuse, April 10, third-degree. Charged at 6600 block of Thompson Road, East Syracuse.

**Assault**
Stephanie R. Slater, 21, of 134 Rider Ave., Syracuse, April 5, third-degree. Charged at 300 block of Woodbine Avenue, Syracuse.

## East Syracuse Police

**Burglary**
Angie M. Obey, 34, of 121 Bull Road, Hastings, April 5, third-degree; also charged with petit larceny. Charged at 6438 Basile Rowe, East Syracuse.

# Home Photo Guide



**Liverpool Village Colonial**
Just Listed! 3 bd, 1.5 bath Colonial, Formal DR, Garage. $89,900
Sandy Kirnan, Lic.R.E. Broker
457-3358



929 Highland St. Syracuse, NY 13203
Three Family Residence on 33' x 187' lot! Bidding starts @ $1! Dir: Butternut St. to Knaul St. to Highland St.
Open House:
Sat., April 23, 10-12 Noon
R.E. Auction 2052
Lamson Rd., Phoenix, NY
www.BDO-374-SELL.com

## Need to Sell? Want to Buy?
**CLICK N BUY**
Go to syracuse.com/classifieds and enter the WEB ID# to see photos, read extended descriptions or e-mail the seller.
Discover the advantage.
The Post-Standard
SYRACUSE
The power of two

CALENDAR FROM PAGE 19

### Social Issues

**REAL LIFE, REAL TALK:** April 28, Jewish Community Center, 5655 Thompson Road, DeWitt. Focuses on engaging parents and teens into healthy conversations about sexuality. For the general public, especially for parents of girls: "A Conversation with Peggy Orenstein: How do we Define Girlhood?" Doors open at 6 p.m. and seating is limited. Free. realtalkcny.org.

### Travel

**AFRICAN SAFARI:** 1 p.m. today, Manlius Library, 1 Arkie Albanese Ave., Manlius. Chris and Courtney Burdette will talk about and share photos from their recent trip to Tanzania and Kenya. There will be a buffet lunch. Register in advance. 682-7889.

## Music

### Performance

**CAZENOVIA COMMUNITY BAND REHEARSALS:** 7 p.m. April 27, Cazenovia Presbyterian Church, 27 Albany St., Cazenovia. Rehearsals begin for concerts planned for June 23 and July 28. Instrumentalists are needed and encouraged to attend.

**COMMUNITY DRUM CIRCLE:** 3 to 6 p.m. Saturday, Kellish Hill Farm, 3192 Pompey Center Road, Pompey. $5 donation. 682-1578.

rhbamericana.com.

**EASY STAR ALL-STARS:** 8 p.m. Friday, Westcott Theater, 524 Westcott St., Syracuse. With John Brown's Body, House on a Spring. Featuring reggae, hip hop and roots dub. Doors open at 7 p.m. All ages welcome. Cover: $17 advance; $20 day of the show: 299-8886.

**LAFAYETTE STRING QUARTET:** 7 p.m. April 28, LaFayette Public Library, 2577 Route 11, LaFayette. Free. 677-3782.

**LOCK 52 JAZZ BAND CONCERT:** 7 p.m. April 28, Onondaga Free Library, 4840 W. Seneca Turnpike, Onondaga. Free. 492-1727, ofllibrary.org.

**MATINEE MUSICAL: TAKE ME OUT TO THE BALL GAME:** 2 p.m. Monday, Onondaga County Public Library Betts Branch, 4862 S. Salina St., Syracuse. Starring Frank Sinatra, Esther Williams and Gene Kelly. 435-1940.

**MORTON SCHIFF JAZZ ENSEMBLE:** 8 p.m. today, Rose and Jules R. Setnor Auditorium, Crouse College, Syracuse. Parking is available in Irving Garage. Free and open to the public. 443-2191; syr.edu.

**MUSIC JAM:** Every Sunday, Kellish Hill Farm, 3192 Pompey Center Road, Pompey. All acoustic music is welcome; bring an instrument to play. Potluck dinner begins at 5 p.m. Bring something to pass. Suggested donation: $2. 682-1578.

## Outdoors

### Hiking

**SNOWSHOE PROGRAM:** 11 a.m. to 1 p.m. Saturday, Green Lakes State Park, 7900 Green Lakes Road, Fayetteville. For adults and families. There will be beginner snowshoe instruction and an interpretive outing beginning in the Old Administration Building. They are offered with or without snow. Bring your own snowshoes or rent a pair for $5 (adults and children's sizes are available). 637-6111.

## Sports

### Class

**HUNTER EDUCATION:** 6 to 9:30 p.m. Tuesday to April 27, Nedrow Sportsman's Club, Route 20 at Hogsback Road, Navarino. All new hunters, bowhunters and trappers must receive training before getting their first license. Students must attend all sessions. Registration required. Free. 488-4168.

## Theater

### Performance

**THE MIRACLE WORKER:** 7:30 p.m. today; 8 p.m. Friday; 3 p.m. Saturday, Syracuse Stage, 820 E. Genesee St., Syracuse. $25 to $48; younger than 18, $16; younger than 40, $25 for all tickets; all performances. Senior discounts available. Rush tickets day of performance only: $20 to $25, with valid student ID. 443-3275, syracusestage.org.

   

Sign in | Register for free    Site Search    Search Local Business Listings    Brought to you by:

Search for keywords, people, locations, obituaries, Web ID and more...

| Home | News | Weather | Sports | Entertainment | CNY Life | Interact | Jobs | Autos | Real Estate | Rentals | Classified Ads | Shop |

News    Business    Crime    Lottery    Obits    Opinion    Politics    The Post-Standard    Special Reports    State    U.S. & World    More News

**drgrabermd.com**    Click To Expand

## Police Blotter
Search the Syracuse & Central New York Police Blotter



Search for arrests in Central New York, including law enforcement agencies in Cayuga, Cortland, Madison, Oneida, Onondaga, Oswego, Seneca and Wayne counties, and local New York State Police. You can search by name, arresting agency, type of criminal charge, and date of arrest. The police blotter is updated weekly and includes arrests from January 2011 to present.

**INSIDE**

**Central New York Police Blotter »**
- Reported Crimes in Onondaga County
- Crime & Safety News
- Crime & Safety Forum
- Central NY News

### Tiffany M. Howard, 31

| | |
|---|---|
| Address | 6 Gregory Parkway    DeWitt |
| Main charge | Obstructing governmental administration, second-degree |
| Other charges | |
| Date | April 09, 2011 |
| Agency | DeWitt Police |
| Arrested at | Gregory Parkway    DeWitt |

Created with Caspio

Note: Arrests are updated weekly and are the most recent reported by the various law enforcement agencies. Arrests may have occurred within the date range searched that have not yet been reported to The Post-Standard.

For questions or comments, please contact Post-Standard web development editor Michael Dupras.



**CNY POLICE & SHERIFFS' DEPARTMENTS**

**Police Departments**
- Syracuse Police | Anonymous tips
- Auburn Police | Anonymous tips
- Fulton Police | Anonymous tips (e-mail)
- Oneida Police
- Oswego Police | Anonymous tips: 342-8131
- NY State Police | Anonymous tips (e-mail)

**Sheriffs' Departments**
- Onondaga County | Anonymous tips (e-mail)
- Cayuga County | Anonymous tips: 258-9111
- Madison County | Anonymous tips
- Oswego County



**Real-time News headlines**
- Shoppers line up in the early morning for a Nike shoe at new downtown Syracuse store 9:16 AM
- Today's obituaries: Leanne (Stedman)