UNITED STATES DISTRICT COURT—NORTHERN DISTRICT OF NEW YORK

TIFFANY M. HOWARD, Individually and as the
mother and natural guardian of A. M, an infant
under the age of 18 years,

                                    **Plaintiffs**

    against

                                **AFFIDAVIT IN OPPOSITION TO**
                                **DEFENDANTS' MOTION IN LIMINE**
                                Case No.: 5:12-cv-0870(TJM/TWD)

TOWN OF DEWITT,
TOWN OF DEWITT POLICE DEPARTMENT,
Officer C. Fuller, individually and in his official capacity,
Officer Edward Mason, individually and in his official capacity,
Officer Thomas Norton, individually and in his official capacity, and
Sergeant Keith Bury, individually and in his official capacity.

                                  **Defendants**

STATE OF NEW YORK    )
COUNTY OF ONONDAGA )  SS.:

    TERRANCE J. HOFFMANN, being duly sworn, deposes and states as follows:

    1.  That I am an attorney duly admitted to practice law in the courts of New York

State including the U. S. District Court for the Northern District of New York and have

been assigned Federal Bar Roll Number 103770.

    2.  That I am the attorney of record for the Plaintiffs in the above captioned

matter, and I submit this Affidavit in reply to the Attorney Declaration of Jeffrey D.

Brown, Esq., dated December 8, 2014 and in opposition to certain portions of

Defendants' second Motion in Limine.

HOFFMANN, HUBERT & HOFFMANN, LLP

3.  As an initial observation,  your Deponent notes that this Court has already ruled that the Defendant police officers should be allowed to wear their uniforms at trial and therefore Point III cited in Mr. Brown's Memorandum is a moot point.

4. Plaintiffs do not contest the declarations in Points II, V, VI, VII and VIII.

5.  Plaintiff opposes Defendants' application to permit Town of DeWitt Police Chief Conway to testify as to the Town of DeWitt's Police Department Operation Manual provisions referring to searches without a warrant on the grounds that operational manuals of police departments are not uniform and vary from jurisdiction to jurisdiction.  Such manuals therefore are not considered to be a reliable barometer in context of Fourth Amendment Constitutional violation claims.  The Federal Courts have consistently excluded the admission or testimony concerning the provisions of such manuals in the context of 1983 claims for those reasons.

6.  Further, the Defendants have failed to disclose any proposed expert witness. Mr. Conway's proposed testimony in referring to the Operational Manual is tantamount to seek to introduce expert testimony without the required expert pre trial disclosure. On the other hand, Plaintiffs' disclosed expert, Leigh Hunt, a former State Trooper of high rank and former Chief of Police of the City of Syracuse is their proposed expert. Although Plaintiffs agree that Mr. Hunt should not be allowed to make certain declarations that are uniquely within the province of the Jury to decide, Mr. Hunt should certainly be allowed to testify as to his opinion as to what an objectively reasonable police officer would have done or as the case may be, not done,  given the facts and circumstances of the events that occurred on the night in question.

-2-

7.   Plaintiff Tiffany Howard contends that the dismissal of the criminal charge of Obstruction of Governmental Administration against her should be admitted into evidence even though such dismissal is not an element that she is required to prove at trial to support her false arrest claim.  Although the pivotal issue to be decided is whether or not a reasonably prudent police officer would have had probable cause to believe that he had a right to arrest and detain the Plaintiff at the time of the, a dismissal of that charge in criminal court based upon the facial insufficiency of the Complaint would be some evidence of the lack of probable cause.  The presence of these factors make the admissibility of the circumstances of the dismissal of the criminal charges probative.   Further, if, at the  time of the arrest, a reasonably prudent police officer would have known that the arrestee had a valid and viable defense (in this case the right to rely on her Constitutional right not to open her apartment door and the requirement of the criminal statute that the arrestee must engage in some affirmative act to obstruct and that any interference by the arrestee must be physical) such knowledge would negate the existence of probable cause.

8.  In response to Point IX, Bobby Martin's conviction for assault in 1997 is probative and relevant on the subject of Mr. Martin's veracity and should be admitted into evidence.   First of all, it was on direct examination in the video trial testimony of Mr. Martin by Defendants' counsel.  More importantly, Mr. Martin testified that Plaintiff Tiffany Howard was aggressive toward him and repeatedly uncooperative in dealing with visitation and custody issues.   Mr. Martin portrayed himself in his video testimony that he was continuously trying to use verbally persuasive tactics in getting Plaintiff Tiffany Howard to follow Court Orders.   Mr. Martin admitted that there was an Order of

-3-

Protection filed against him in favor of Tiffany Howard in the past but raised a question in his testimony about her mental health.  Thus, Mr. Martin's documented aggressive behavior of an act of violence against another person and his questioning of Plaintiff's health is probative as to his state of mind and his propensity to be confrontational in his interactions with the Plaintiff Tiffany Howard.  The fact that the conviction is over ten years old  does not automatically preclude such testimony under the Federal Rules of Evidence.  Mr. Martin's conviction should be admitted.

9.  In response to Point X, evidence  that Tiffany Howard was awarded sole custody of infant A. M. is relevant because Defendants' witness, Bobby Martin, testified at his video taped trial testimony deposition that he timely showed up for the custody exchange at Barnes and Noble at 9:00 p.m. on April 8, 2011, that he had a concern for her safety when he made the 911 call, although he testified that he did not transmit that concern to the Defendants on the night in question. Mr. Martin did testify that he was concerned about Tiffany Howard's mental health in relation to him and his daughter's relationship, which acknowledging that an Order of Protection was issued against him in favor of Tiffany Howard prior to April 2011.  See Martin deposition held on December 5, 2014, at page 70, 71.    Mr. Martin has admitted that he has made no attempt to contact his daughter A. M. since Father's Day 2012 and that he did not contest the sole custody petition filed by Plaintiff Tiffany Howard subsequent to his unexplained absence.   Evidence that Tiffany Howard was deemed fit to be awarded sole custody by an Onondaga County Family Court Judge in 2013 is not only relevant as to Plaintiff Tiffany Howard's mental stability and fitness as a parent, but it also casts doubt on Mr.

-4-

Martin's claim that he timely appeared at the exchange site and that he had entertained concerns about his daughter's safety.

Your Deponent has attached his Memorandum of Law in support of the points made in response to defense counsel's Second Supplemental Motion in Limine.

Terrance J. Hoffmann
Federal Bar Roll Number: 103770

Sworn to before me this
11th day of December 2014

Notary Public

ANGELA F. CUMMINGS
Notary Public, State of New York
Qualified in Onondaga County
No. 01CU4607065
Commission Expires: May 31, 2015