UNITED STATES DISTRICT COURT    NORTHERN DISTRICT OF NEW YORK

TIFFANY M. HOWARD, Individually and as the
mother and natural guardian of A. M, an infant
under the age of 18 years,

           Plaintiffs

 against

         Case No.: 5:12-cv-0870(TJM/TWD)

TOWN OF DEWITT,
TOWN OF DEWITT POLICE DEPARTMENT,
Officer C. Fuller, individually and in his official capacity,
Officer Edward Mason, individually and in his official capacity,
Officer Thomas Norton, individually and in his official capacity, and
Sergeant Keith Bury, individually and in his official capacity.
          Defendants

## MEMORANDUM OF LAW

Dated: December 11, 2014

    Yours, etc.,

    HOFFMANN, HUBERT & HOFFMANN, LLP
    Terrance J. Hoffmann, Esq.
    Federal Bar Roll No.: 103770
    Attorneys for Plaintiffs
    Office and P. O. Address
    4629 Onondaga Boulevard
    Syracuse, NY  13219-3390
    Telephone:  (315) 471-4107

## TABLE OF AUTHORITIES

                                                                                **Page**

**Bourjaily v. United States**
483 US 171.................................................................................. 2

**Broughton v. State**
37 N.Y.2sd 451, 373 N.Y.S. 2d 87, 335 N. E. 2d 310 (1975)........ 3, 5

**Daubert v. Merrell Dow Pharm., Inc.**
509 U.S. 579.................................................................................. 2

**DiBella v. Hopkins**,
403 F 3d 102 (2d Cir 2005)........................................................... 3

**Dunaway v. New York**,
442 U.S. 200 (1979)...................................................................... 3

**Jocks v. Tavernier**
316 F. 3d 128 (2d Cir 2003).......................................................... 4

**Kokoska v. City of Hartford**,
U. S. District Court, District of Connecticut 2014 WL 4724879............. 1

**Rarick v. DeFrancesco**
94 F Supp 2d 279 (N.D.N.Y. 2000)............................................... 3

**United States v. Wexler**,
522 F. 3d 194 (2d Cir. 2008)......................................................... 2

**Weyant v. Okst**,
101 F. 3d 845, (2d Cir 1996)......................................................... 3

**Whren vs United States**
517 U.S. 806 (1996)...................................................................... 1


**Federal Rules of Evidence** 403, 404 (b) and 609(a) (b)(1)(2)................ 5

## POINT I

### RULES AND REGULATIONS OF LOCAL POLICE DEPARTMENTS SHOULD NOT BE ADMISSIBLE TO ESTABLISH THE COMPLIANCE WITH FOURTH AMENDMENT CONSTITUTIONAL STANDARDS

Reliance on Police manuals and standard procedures to evaluate what "a reasonable officer would do under the Fourth Amendment" has been held to be not admissible because such Rules and Regulations vary from Department to Department and are an unreliable gauge to measure the objectiveness of reasonable police conduct. See **_Whren vs United States_** 517 U.S. 806 (1996); **_Kokoska v. City of Hartford_**, U. S. District Court, District of Connecticut 2014 WL 4724879.

## POINT II

### THE ADMISSIBILITY OF EXPERT TESTIMONY REQUIRES THAT THE PROPOSED TESTIMONY MEET BOTH THE SUBSTANTIVE REQUIREMENTS AND LIMITATIONS OF ARTICLE VII OF THE FEDERAL RULES OF EVIDENCE AND THE PROCEDURAL REQUIREMENTS OF FEDERAL RULES OF CIVIL PROCEDURE 26(a)(2)

Rule 702 of the Federal Rule of Evidence provides as follows:

A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form or an opinion or otherwise if

[a] the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;

[b] the testimony is based on sufficient facts or data;

[c] the testimony is the product or reliable principles and methods; and

[d] the expert has reliably applied the principles and methods to the facts of the case.

The proponent of expert testimony bears the burden of establishing its admissibility by a preponderance of the evidence See. **Bourjaily v. United States**, 483 US 171.

However, the objection of expert testimony is the exception rather than the rule and the admission of expert testimony is to be decided by the Trial Court which is cloaked with broad discretion.  **United States v. Wexler**, 522 F. 3d 194 (2d Cir. 2008)

Expert testimony must be both relevant and reliable to be admissible. See **Daubert v. Merrell Dow Pharm., Inc**., 509 U.S. 579.

Federal Rule 702 is intended to insure that the expert testimony is helpful to a jury in comprehending and understanding the issues beyond the understanding of a lay person.  Mr. Hunt is a well qualified police officer of high rank with many years of experience.  Mr. Hunt's knowledge as to reasonable and proper police procedure and the elements that have been recognized by various Courts in the United States as to what constitutes "exigent circumstances" would appear to be helpful to a jury in understanding how that term has been defined and accepted by the Courts and police agencies.  The average juror would be likely to have little if any understanding as to what that term really means and how it has been traditionally interpreted in the real world of law enforcement.

The Courts in the Second Circuit have repeatedly held that an expert may opine on an issue of fact within the jury's province and that testimony in the form of opinion or inference otherwise admissible is not objectionable because it embraces an ultimate

-2-

issue to be decided by the trier of fact. See Federal Rule of Evidence 704; **DiBella v. Hopkins**, 403 F 3d 102 (2d Cir 2005).

### POINT III

### THE DISMISSAL OF THE CRIMINAL CHARGE OF OBSTRUCTING GOVERNMENTAL ADMINISTRATION FOR FACIAL INSUFFICIENCY OF THE COMPLAINT SHOULD BE ADMISSIBLE

It is axiomatic that probable cause to arrest a citizen for a crime is measured by the knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime. See **Dunaway v. New York**, 442 U.S. 200 (1979).

The subsequent dismissal of criminal charges are admissible in a 1983 claim based on false arrest in New York. See **Weyant v. Okst**, 101 F. 3d 845, (2d Cir 1996); **Rarick v. DeFrancesco**, 94 F Supp 2d 279 (N.D.N.Y. 2000).

The Plaintiff is required to prove four elements on a false arrest claim under 1983; (1) the defendant intended to confine him, (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement and (4) the confinement was not otherwise privileged. See **Broughton v. State**, 37 N.Y. 2nd 451, 373 N.Y.S. 2d 87, 335 N. E. 2d 310 (Ct.of Appeals 1975).

The **Broughton,** Court also held that evidence of a subsequent dismissal, acquittal or reversal on appeal would also be admissible to refute the affirmative

-3-

defense of justification. In this case, the Defendants have asserted the defense of justification.

In addition, there can be other circumstances when the disposition of criminal charges favorable to the accused are relevant on the issue of probable cause to make an arrest. See **Jocks v. Tavernier**, 316 F. 3d 128 (2d Cir 2003)

In addressing the issue of probable cause to make an arrest, the Court stated "We believe that under some circumstances, a police officer's awareness of the facts supporting a defense can eliminate probable cause." The Court went on to state "Although a grand jury decision of whether probable cause exists to indict is distinct from the probable cause determination of whether an arrest is privileged, the interest in protecting the public against improper arrest, is parallel to the interest in protecting the innocent against the burden of answering to an indictment. Defenses which negate the existence of a crime should summarily negate probable cause." The Court went on to state, ".. that an officer may not deliberately disregard facts known to him which establish justification." In the instant case, Town Court Justice, Hon. David Gideon made a finding that the Misdemeanor Information filed by Defendant Christopher Fuller was insufficient on its face for the charge to go forward in criminal court. Defendant Fuller had an opportunity to submit an amended Misdemeanor Information, but failed to do so. Also, Defendant Fuller knew or should have known that Plaintiff Tiffany Howard had a Constitutional right not to open her door to him or the other Defendants and that she had no obligation to speak to them. Defendants also knew or should have known the elements of Obstructing Governmental Administration, and that the mere refusal by the Plaintiff Tiffany Howard to open her apartment door in reliance on her Constitutional

-4-

rights did not constitute reasonable grounds for the Defendants to believe that she obstructed Governmental Administration.

In summary, these Defendants had sufficient information available to them to know that Plaintiff Tiffany Howard had a Constitutional as well as a statutory defense to the charge of Obstruction of Governmental Administration. Therefore, the dismissal of the criminal charge for facial insufficiency should be admitted to create an inference of lack of probable cause. Also, as stated in **_Broughton_**, supra, the New York Court of Appeals has ruled that a subsequent dismissal is admissible when the affirmative defense of justification is raised.

### POINT IV

### BOBBY MARTIN'S CRIMINAL HISTORY OF ASSAULT SHOULD BE ADMITTED FOR IMPEACHMENT PURPOSES

The Federal Rules of Evidence allow for the admission of criminal convictions to impeach the credibility of a witness in a civil case. The specific Rules of Federal Evidence are 403, 404 (b) and 609(a) (b)(1)(2).

Convictions that are more than ten years old are not automatically barred from admissibility under Rule 609(b)(1) (2). Basically, the issue to be decided is whether the probative value of such evidence is out weighed by the prejudicial effect. Plaintiffs assert that although this conviction is more than ten years old, it is highly probative relative in conjunction with Mr. Martin's testimony where he portrays himself as someone who had continuously been trying to reason with the Plaintiff concerning continuing custody disputes.

Mr. Martin also questioned Plaintiff Tiffany Howard's mental health. Therefore Mr. Martin's propensity to resolve a dispute through violent behavior is probative on assessing his credibility. Moreover, the defense has failed to demonstrate how the admission of an assault conviction against Mr. Martin would have any prejudicial effect on the Defendants' ability to defend this case

## POINT V

### EVIDENCE OF SOLE CUSTODY AFTER THE FACT SHOULD BE ADMISSIBLE

The case cited by the Defendants in support of their claim that evidence of sole custody awarded to Plaintiff Tiffany Howard after April 9, 2011 should be excluded appears to be a case decided in the Eastern District in Louisiana and involving substantially different issues than the issues presented in the instant case.

Bobby Martin has testified that, in essence, all of the custody disputes between he and Plaintiff Tiffany Howard prior to April of 2011 were the fault of Tiffany Howard and not due to any of his own acts or omissions. In his deposition, Mr. Martin portrayed himself as the concerned parent who had misgivings about Tiffany Howard's mental health and her competence to be a proper custody of Plaintiff A.M.

The fact that Tiffany Howard obtained sole custody from a local Family Court Judge upon Mr. Martin's default and his unexplained absence in the child's life for a year before Plaintiff Tiffany Howard obtained sole custody makes the Family Court Order of sole custody granted in 2013 highly probative.

Moreover, the Defendants have failed to demonstrate how the admission of an Order for sole custody awarded to Tiffany Howard would prejudice their defense.

Dated: December 11, 2014

                    HOFFMANN, HUBERT & HOFFMANN, LLP

                    */s/ Terrance J. Hoffmann*

                    Terrance J. Hoffmann, Esq.
                    Federal Bar Roll No.: 103770
                    Attorneys for Plaintiffs
                    Office and P. O. Address
                    4629 Onondaga Boulevard
                    Syracuse, NY  13219-3390
                    Telephone:  (315) 471-4107